## Milton Dobbs v. The State.

### No. 3746. Decided April 15, 1908.

### Rehearing denied November 18, 1908.

**1.—Murder—Statement of Facts.**

Where upon appeal from a conviction or murder, the record showed that on request of appellant a twenty-day order was granted to prepare and file statement of facts and bills of exception, and the State moved to strike out statement of facts because not filed within said twenty days. Held that under the Act of the Thirtieth Legislature authorizing thirty days in which to file statement of facts, appellant was not confined ' the time requested by him for filing such statement of facts.

**2.—Same—Continuance—Cumulative Testimony.**

Where upon trial for murder the testimony of the absent witness was merely cumulative, there was no error in overruling the application for continuance.

**3.—Same—Charge of Court—Conspiracy—Weight of Evidence.**

Where upon trial for murder the court charging upon conspiracy, left it for the jury to determine whether or not there was a conspiracy existing or an agreement to kill the deceased, and that point being reached favorably to the State, then they might consider anything said or done by a co-conspirator which was in furtherance of the common design, such charge was not on the weight of the evidence.

**4.—Same—Charge of Court—Impeaching Evidence.**

Where upon trial for murder the court correctly limited the impeachment to the credibility of the attacked witness and the weight to be given to the testimony of such witness, there was no error.

**5.—Same—Evidence—Husband and Wife—Codefendant.**

While the State can not use the wife as a witness against the husband, or against a codefendant while her husband is still under indictment; yet when such testimony comes at the instance of the defendant he can not complain.

Appeal from the District Court of Franklin. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*R. E. Davenport* and *Sam D. Snodgrass,* for appellant.—On ques-

tion of statement of facts, cited cases in opinion. On question of admitting testimony of co-conspirator: Nelson v. State, 48 Texas Crim. Rep., 274; 87 S. W. Rep., 143; Wallace v. State, 48 Texas Crim. Rep., 318; 87 S. W. Rep., 1041. On question of admitting testimony of wife against codefendant or husband: Hamilton v. State, 36 Texas Crim. Rep., 372; 37 S. W. Rep., 431; Gaines v. State, 37 Texas Crim. Rep., 73; 42 S. W. Rep., 385; Merritt v. State, 39 Texas Crim. Rep., 70; 45 S. W. Rep., 21; Red v. State, 39 Texas Crim. Rep., 414; 46 S. W. Rep., 408. On question of court's charge on conspiracy: Nelson v. State, 48 Texas Crim. Rep., 471; 87 S. W. Rep., 143.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of admitting testimony of co-conspirator: Smith v. State, 21 Texas Crim. App., 96; Loggins v. State, 8 Texas Crim. App., 434.

DAVIDSON, Presiding Judge.—The report of the former appeal of this case is found in Dobbs v. State, 51 Texas Crim. Rep., 113; 100 S. W., 946.

The court entered an order on request of appellant granting twenty days in which to prepare and file statement of facts and bills of exception. The record shows that bills of exceptions were filed on twenty-first of November, the court having adjourned on second day of same month. The statement of facts was agreed to and approved on the twentieth of November, but not filed until the twenty-eighth, which was some days beyond the time allowed for such filing. The assistant attorney-general suggests that said statement of facts can not be considered by reason of the fact it was filed more than twenty days beyond the time authorized for such filing. The Thirtieth Legislature authorized the filing of such statement of facts within thirty days. The language is as follows: "Each and every statement of facts to be filed in any case as provided for in this act shall be approved by the court and filed within thirty days after the final adjournment of the term of court at which such cause was tried." We are of opinion that the suggestion of the assistant attorney-general is well taken. Appellant could have obtained an order of thirty days but did not. The only authority for filing a statement of facts after the adjournment of the term of court is to be found in the order of the court authorizing such filing. If no order is entered, the statement of facts must be filed within term time. The statement of facts was approved on the twentieth of the month by the district judge, it having been on the same day agreed to by parties to the record. Why it was not filed before the twenty days expired in which to file the evidence is not shown. Having asked for only twenty days in which to file the evidence, and there being no order of the court authorizing it filed beyond that time, and no reason shown why

it was not filed within the specified time granted, we believe the filing of the statement of facts subsequently was without authority. The statement of facts, therefore, will not be considered.

The first bill of exceptions relates to the action of the court refusing a second application for continuance. Several witnesses were mentioned, but it was shown they all appeared during the trial except one, by whom appellant expected to prove that he and his father had informed him (witness) they were going fishing, and which they proposed to connect by other testimony to the effect that they were in fact going fishing at the time they met deceased when the fatal difficulty occurred. This testimony may have been cumulative. If we consider the statement of facts it would be clearly so. Without the statement of facts, therefore, we are of opinion that the application is not in such condition as to require us to reverse the judgment on account of the loss of this testimony. There is enough perhaps within the bill of exceptions to show that this was cumulative, and the statement of the parties as to their purpose in going in the direction they were traveling at the time of the difficulty. The application for continuance and the bill fail to show that the evidence was not cumulative.

The second bill was reserved to the testimony of the witness Duke in regard to the purchase by appellant's father of some shells loaded with buckshot on the morning of and prior to the homicide in the evening, the theory being that there was no conspiracy shown, or at least not sufficient evidence introduced as a predicate for the conspiracy in order to admit the purchase of shells loaded with buckshot in the absence of defendant. This bill further shows, in this connection, the State had shown by John Davis, Milage Davis and George Davis each, certain statements and conversations made by the father of appellant, who was indicted as a principal in the same transaction in a separate indictment, these statements being made in reference to the deceased, and the bill refers to the statement of facts in order to show what those witnesses testified with reference to these conversations, acts, and doings of M. B. Dobbs, father of appellant, as made or done in the presence of defendant, all of which refer to the deceased, as the bill is presented and in the absence of statement of facts no error is shown in admitting this evidence. The same question was passed on as we understand on the former appeal cited, supra.

Another bill of exceptions was reserved to the court overruling some exceptions of appellant to certain questions asked the mother of appellant on cross-examination. The bill discloses that she testified on the former trial for her husband, M. B. Dobbs. The stenographic report of her testimony was used by the State's attorney in asking questions, and from that report it seems he asked questions of the witnesses. After reading such questions and answers as he desired her to answer, and at the conclusion of which

questions, she stated she did not remember that she so testified upon the trial of her husband. The State did not offer this in evidence; simply used it in asking questions apparently for the purpose of laying a predicate for impeachment. When this was done, appellant then introduced all of her testimony before the jury as taken on the trial of her husband, including the very questions and answers that had been read to her by the State's counsel. As the bill shows the matter, we fail to see any error.

With reference to the testimony of the witness Bass, in the absence of the testimony introduced on the trial we are of opinion that the matter is not so presented as to show any material error. Without the facts before us we are of opinion the bill of exceptions does not sufficiently show such error as would require a reversal of the judgment, even if any is shown at all.

The error in the charge suggested for reversal, in the absence of the statement of facts, will not be revised. These may have sufficiently presented the issues suggested by the testimony.

As the record is presented, we find no error which would require a reversal, therefore, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.

### ON REHEARING.

### November 18, 1908.

DAVIDSON, PRESIDING JUDGE.—At a former term of the court the judgment herein was affirmed without reference to the statement of facts, on the theory that the statement of facts could not be considered, having been filed after the time allowed by the court, to wit: twenty days. Upon a review of the matter we are satisfied now that that conclusion was erroneous. The judgment of the court allowed twenty days, whereas the Act of the Thirtieth Legislature authorized thirty days in which to file statement of facts. The theory upon which the affirmance was had was that thirty days was allowed appellant, but that it did not compel him to take that time if he saw proper to take less time, and having obtained an order for that purpose, he would be confined to the time requested by him and set forth in the judgment. A review of the question convinces us that that conclusion was erroneous. We now follow the rule announced by the Court of Civil Appeals in Garrison v. Richards et al., 107 S. W. Rep., 861, and St. Louis Southwestern Ry. Co. of Texas v. Nelson, 108 S. W., 182. We are of opinion, upon a review of these cases, that they announce the correct doctrine. The judgment of affirmance, without reference to the statement of facts, is set aside and the case will be tried upon its merits.

A sufficient statement of the case will be found in the former appeal as reported in Dobbs v. State, 51 Texas Crim. Rep., 113.

Appellant sought a continuance of the case on account of the absence of quite a number of witnesses. This was overruled and process ordered for the absent witnesses except Henry Honzell, who was alleged to reside in Parmer County. Process was served on all of the absent witnesses and they were brought into court, except Henry Honzell. By him it was proposed to be shown that on the evening of the homicide appellant and his father were en route from their residence to Cypress Creek on a fishing excursion; and such was the statement made by them to him, when they met him just before the homicide. This is the second application. The testimony of the absent witness was cumulative. It was the theory, in fact, of the defendant that the meeting between himself and his father on one side and deceased on the other, was purely accidental; that they started on a fishing excursion to Cypress Creek, and the deceased was returning from a neighboring village when they happened to meet him (deceased) and the difficulty ensued. This was abundantly shown by their witnesses. There was no error in refusing this application.

There are several errors assigned upon the charge of the court. We are of opinion there is not sufficient merit in any of these to require a reversal. Among others, it is seriously contended that the court's charge on conspiracy is on the weight of the evidence. This is as follows: "If you believe from the evidence, beyond a reasonable doubt, that the defendant and M. B. Dobbs agreed between themselves, or conspired together to kill J. T. Mitcham, and that in pursuance thereof defendant killed him, then I charge you, that any act or declaration of M. B. Dobbs in furtherance of said common purpose done or said by him in the absence of the defendant, and which may have been introduced in evidence in this case, is legal evidence in this case against defendant and may be considered by you in finding your verdict but if the evidence fails to satisfy you, beyond a reasonable doubt, that such agreement or conspiracy existed, then such acts or declarations of M. B. Dobbs, done or said in the absence of the defendant, is not legal evidence in this case against the defendant and you will give them no consideration whatever but will wholly disregard them in finding your verdict in this case." Contention is made that this is upon the weight of the evidence. We can not agree to this contention. It leaves it for the jury to determine whether or not there was a conspiracy existing or an agreement to kill the deceased, and that point being reached favorably to the State, then they might consider anything said or done by M. B. Dobbs which was in furtherance of the common design. Under our decisions we are of opinion that this is correct and does not assume any fact against the accused, but leaves it to the jury to determine whether or not there was a conspiracy or agreement to do what was done.

Criticisms also are directed against the court's charge limiting

the impeaching evidence in regard to certain witnesses. We are of opinion that the objections to these charges are not well taken. The court correctly limited the impeachment to the credibility of the attacked witness and the weight to be given to the testimony of such witness.

There is a bill of exceptions reserved to the introduction of the testimony of Mrs. M. B. Dobbs, mother of appellant, and wife of the codefendant M. B. Dobbs, as given by her on the trial of her husband previous to the trial of appellant. As this bill of exceptions is explained by the trial judge, we are inclined to the opinion that there is no error. Her testimony covers several pages in the statement of facts and is identified sufficiently by bill of exceptions. The court in explaining the bill says, as follows: "After Mrs. Dobbs was examined the defendant then offered the whole of her evidence as taken down by the official court reporter in the trial of M. B. Dobbs. The State offered no objection but consented, and the defendant read all of her evidence to the jury including that part in this bill of exception. The State never did offer any of it." If we understand this bill correctly, the district attorney asked some questions of the witness in regard to her testimony on the former trial of her husband. These questions were apparently not answered as explained by the court. The defendant then offered all of the stenographic report of Mrs. Dobbs' testimony given on the former trial, which was admitted. As this bill presents the matter, we do not see that appellant can complain. It is correct, that the State can not use the wife against the husband, nor can the State use the wife of one of the defendants against a codefendant while her husband is still under indictment. This testimony, however, came at the instance of the defendant.

We have not reviewed the criticisms of the charge seriatim, but in view of the authorities and the previous trial of appellant, and of his codefendant M. B. Dobbs, both of which are reported in Dobbs v. State, 51 Texas Cr. Rep., 113 and 629, it occurs to us appellant has had a sufficiently legal trial to warrant an affirmance of the judgment, and it is accordingly so ordered.

*Affirmed.*