## Chas. McDonald v. The State.

### No. 4362.    Decided February 17, 1909.

### Rehearing Denied March 17, 1909.

**1.—Carrying Pistol—Evidence—Bill of Exceptions.**

Where upon appeal the bill of exceptions did not show when the alleged search of the pistol by the officers took place, it became utterly immaterial that they did not find a pistol.

**2.—Same—Evidence—Harmless Error.**

Where upon trial for unlawfully carrying a pistol the defendant was prevented from showing that he requested the officers to notify his wife that he was in jail, and to carry him at once before a justice of the peace on a proper complaint, the matter was not of sufficient importance to justify a reversal.

**3.—Same—Argument of Counsel.**

Where upon trial of unlawfully carrying a pistol, counsel for the State argued that defendant had brought his friends to court to swear him out of

the case, and that he and his witnesses had manufactured a defense; and the evidence in the case amply warranted this statement, there was no error.

**4.—Same—Newly Discovered Evidence.**

Where defendant's motion for new trial on newly discovered evidence did not come within the rules, there was no error in overruling same.

Appeal from the County Court of Montague.  Tried below before the Hon. Geo. S. March.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Speer, Weldon & Grayham & J. W. Chancellor,* for appellant.— On question of argument of counsel: Eanes v. State, 10 Texas Crim. App., 453; Hardy v. State, 13 S. W. Rep., 1008.  On question of newly discovered evidence: Bell v. State, 1 Texas Crim. App., 598.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of carrying a pistol, and his punishment assessed at a fine of $100.

Bill of exceptions No. 1 complains that the court erred in refusing appellant the right to testify in his own behalf that he had been searched by the witnesses, Rountree and White, in Bowie, Texas, one night on his way home from his place of business for a pistol about the time the offense charged in the complaint, and information is charged to have been committed.  If permitted to testify defendant would have stated that said parties did search him to find a pistol and found none.  It is not stated when this examination took place, or how long before appellant was accused of carrying the pistol.  The evidence, therefore, became utterly immaterial and irrelevant.

Bill No. 2 shows that while each of the witnesses, J. W. Wales, Lee Rountree and White, were testifying before the jury and after each of them had testified in response to questions propounded to them by the State's attorney, that immediately after the pistol was found in the stall in the back end of Downs' barn, and while all three of said witnesses were together, the defendant was arrested by them and immediately locked up in the calaboose at Bowie, Texas, for having unlawfully carried said pistol.  The defendant's counsel, on cross-examination, propounded to each of said witnesses the following question in substance: "Is it not a fact that when you placed the defendant in the calaboose he requested you to notify his wife that he was in jail?  Is it not a further fact that immediately after you placed the defendant in the calaboose you were requested by defendant's counsel to lodge a complaint against the defendant, charging him with whatever offense you had placed him

in the calaboose for, or to carry him at once before the justice of the peace, who was then in town and accessible? And is it not a fact that you failed and refused to notify the defendant's wife that he was in jail or to have it done, and that you refused to lodge any complaint against the defendant charging him with any offense on that day, or to carry him before said magistrate, or any other officer until after the sheriff came from Montague and lodged a complaint against him." The State's counsel objected to all of the questions for the reason same were irrelevant and immaterial. The objection was sustained. If permitted the defense would have proven an affirmative answer to each of said questions. While this testimony was admissible, yet we do not think the error of the court authorizes the reversal of this case. The record shows that defendant's counsel knew he was in jail, and certainly defendant knew it.

Bill No. 3 complains of the argument of the county attorney wherein he stated to the jury, in substance, that defendant had brought his friends, Bud Wade and Ben Neece, to court to swear him out of the case, and that the defendant and said witnesses had manufactured the defense set up by the defendant. We think the evidence in this case amply warranted the statement of the prosecuting attorney. Appellant's insistence was that when he met the rangers, or was about to meet them, that instead of having a pistol himself, that he went to a stall in the back end of a livery stable and reached his hand in to get a pistol, that a party told him to get, who was then in the calaboose, as pay for what said party in the calaboose owed appellant. He proved this by himself and the witnesses above alluded to. The State's insistence was that when he met the rangers, apprehending that they were going to arrest him for carrying the pistol, that he rushed off to the stable and poked his hand into a hole in the stall and put the pistol into it. Now, then, if he and his witnesses told a falsehood about it, it looks like it was done through a premeditated design, as counsel states, and, therefore, there could have been no error in the argument.

Appellant's ground, in motion for a new trial, on newly discovered evidence does not come within the rules authorizing the granting of a new trial upon newly discovered evidence.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 17, 1909.—Reporter.]