Bowden Time v. The State.

No. 664. Decided June 22, 1910.

Rehearing Denied October 12, 1910.

**Theft—Charge of Court—Accomplice Testimony.**

Where, upon trial of theft, the court in his charge on accomplice testimony instructed the jury that the same must be corroborated by other evidence connecting the defendant with the offense, etc., the same was reversible error.

Appeal from the District Court of Tarrant. Tried below before the Honorable R. H. Buck.

Appeal from a conviction of theft; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*McLean & Scott,* and *Baskin, Dodge & Baskin,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of theft, his punishment being assessed at four years' confinement in the penitentiary.

The State's theory of the case was that appellant and the foreman of his lumber yard, Barksdale, were guilty of stealing shingles which appellant had sold Kimball. Appellant was not present at the time Barksdale says he committed the theft of the shingles. Barksdale turned State's evidence and testified that appellant instructed or agreed with him to furnish the wagon and team for the witness to convey the shingles from where they were stolen to appellant's lumber yard. Kimball testified that he raised the top shingles of the bundles he owned and marked same with the letter "K" and that some of these bundles of shingles were found subsequently in appellant's lumber yard. Appellant denied any knowledge of the theft of the shingles or any connection with or complicity in the theft.

There is only one error noticed in the opinion. The court, in regard to accomplice testimony, gave the following charge: "You are further instructed that in this case the witness Edwin Barksdale is an accomplice, and that you cannot convict the defendant in this case unless you find from the evidence that the testimony of said witness Barksdale has been corroborated by other evidence connecting the defendant with the offense charged, as charged either in the first or in the second count in the indictment and the corroboration is not sufficient if it merely shows the commission of the offense charged." Many objections are urged to this charge. A new trial should have been granted upon that ground of the motion. This character of charge has been held erroneous in a great number of opinions. We deem it unnecessary to cite them.

For the error indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Rehearing denied October 12, 1910.   Reporter.]