GEORGE BRUNK v. THE STATE.

No. 790. Decided November 9, 1910.

**1.—Aggravated Assault—Statement of Facts—Filing after Adjournment.**

The statement of facts must be filed within thirty days when authorized to be filed after adjournment of the term, and where the same was filed after said time it cannot be considered on appeal.

2.—Same—Charge of Court—Practice—Misdemeanor. '

In misdemeanor cases, an exception must be taken to the charge of the court at the time and a requested instruction submitted therewith, or else an objection to the charge of the court cannot be considered on appeal.

Appeal from the County Court of Hamilton. Tried below before the Hon. J. W. Warren.

Appeal from a conviction of simple assault; penalty, a fine of $5. The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged by indictment with committing an aggravated assault and battery upon the person of Ida Altenhaff, she being a child, and his punishment assessed at a fine of $5.

Motion is made by the Assistant Attorney-General to strike out the statement of facts and not consider it. Court adjourned on the 23d of October. The statement of facts was filed on the 23d of November. This filing occurred one day too late. A statement of facts must be filed within thirty days when authorized to be filed after adjournment of the term. This statement of facts was not filed within the thirty days. The evidence, therefore, is not properly before this court and will not be considered.

The only exception taken to the court's charge is found in the motion for new trial. The particular excerpt of the charge criticised reads as follows: "It follows in this case if you believe from the evidence beyond a reasonable doubt that the defendant did at the time, place and in the manner charged assault said Ida Altenhaff, and further find and believe that at the time he did so, if at all, he was acting while under a state of intoxication, same would constitute no legal excuse for the offense, but if you find that at said time the defendant was temporarily insane by the recent use of intoxicants, you may consider said facts in mitigation of the penalty in case you should convict the defendant."

In the absence of an exception taken at the time, and special instructions requested and refused, we would not feel justified under our practice to reverse a judgment for the supposed error in the charge, even if it be conceded to be error. If appellant was drunk and temporarily insane from the recent use of intoxicants, a charge embodying that phase of the law was properly given, and if it was not technically correct appellant could have cured that by asking a special instruction. This was not done. Under our statute and the decisions construing the statute the rule in regard to exceptions to the charge in misdemeanors is different from that in felony cases. As before stated, in order for appellant to take advantage of this

supposed error he should have excepted to the charge as given at the time and requested a special instruction properly submitting that issue. This was not done. The same may be said of the other exceptions to the charge embodied in the motion for new trial.

As the record is presented to us we are of opinion that the judgment ought to be affirmed and it is accordingly so ordered.

*Affirmed.*