## JOHN GRIBBLE v. THE STATE.

### No. 5251. Decided March 12, 1919.

**1.—Negligent Homicide—First Degree—Statement of Facts—Bills of Exception—Time of Filing—Practice on Appeal.**

Where, upon appeal from a misdemeanor from the County Court, an order was made by the court, when overruling defendant's motion for new trial, allowing thirty days after adjournment of court in which to file statement of facts and bills of exception, and the same were filed within said thirty days, a motion to strike out the bills of exception because they were filed more than twenty days after the adjournmen of court, is overruled

**2.—Same—Statement of Facts—Bills of Exception—Statutes Construed.**

In view of the misapprehension among courts and litigants with regard to filing statement of facts and bills of exception in misdemeanor cases, recent legislation and decision bearing upon this question are reviewed, and the conclusion reached that the former decisions holding that statement of facts and bills of exception must be filed within twenty days after the adournment of the County Court are erroneous. Reviewing Howard v. State, 53 Texas Crim. Rep., 378, 111 S. W. Rep., 1038, and other cases.

**3.—State—Statutes Construed—Stenographers' Act.**

The Act of the Thirtieth Legislature 1907, page 446, granting parties twenty days after adjournment within which to file statement of facts and bills of exception, was superseded later during the same Legislature by the so-called stenographers bill granting thirty days for such filing, and the courts thereafter held that cases appealed from the District ·Court were properly filed within thirty days but that this did not apply to appeals from the County Court. Following Dobbs v. State, 54 Texas Crim. Rep., 550, 113 S. W. Rep., 921, and other cases. However, the Act of 1909, page 374, Section 7, left not doubt that parties appealing from the County Court were entitled to thirty days after the day of adjournment in which to prepare and file statement of facts and bills of exception, without reference as to whether the County Court had a stenographer or not .

**4.—Same—Rule of Construction—Repeal—Statutes Construed.**

. The rule is that we need only to look to rules of construction when the law is ambiguous and its language not clear, but there is no ambiguity in the Act of 1909, page 374, section 7, and this court so held. Following Sanders v. State, 129 S. W. Rep., 605; Contra, Sewall v. State, 130 S. W. Rep., 1003, and other cases; the later cases holding that the Act of 1909 repealed only chapter 24 of the Act of the Thirtieth Legislature, which is a wrong construction, as not only chapter 24 was repealed but all other laws in conflict therewith. Reviewing Mosher v. State, 62 Texas Crim. Rep., 42, 136 S. W. Rep., 467, and other cases.

**5.—Same—Statutes Construed—Latest Statute Controls.**

The latest statute on the subject is the Act of 1911, chapter 119, page 264, which re-enacts section 7 almost entirely of the Act of 1909, supra,

and said section is carried into our code of Criminal procedure as article 845, and directs in plain language how the litigant may appeal his case, in misdemeanor cases.

### 6.—Same—Indictment—Negligent Homicide—First Degree.

Where the defendant was charged that he negligently and carelessly turned over a boat in which was a small boy, whose death by drowning was caused therefrom, defendant's contention that the negligent homicide was of the second degree, and not of the first degree is untenable, as his act was not a misdemeanor nor would the same per se give justification for a civil action.

### 7.—Same—Evidence—Character of Defendant.

The testimony sought to be elicited from defendant's witness that he considered the defendant a cautious man was merely hearsay and inadmissible.

### 8.—Same—Requested Charge—Practice on Appeal.

Where the requested charges were either embraced in the main charge, or upon the weight of the testimony, there was no error in refusing them.

### 9.—Principals—Charge of Court.

Where defendant was accompanied by another person who seemed to be acting with him in committing the offense, there was not error in the court's charge on principals.

### 10.—Same—Argument of Counsel.

Where the argument of State's counsel was in response to the argument of defendant's counsel, there was no error.

### 11.—Same—Sufficiency of the Evidence.

Where, upon trial of negligent homicide of the first degree, the evidence was sufficient to sustain the conviction, there was no reversible error on that ground.

### 12.—Same—Remarks by Court—Reversible Error—Weight of Testimony.

Where, upon trial of negligent homicide of the first degree, the court failed to sustain an objection to the question of defendant's counsel, whether the witness would or would not say that defendant was a cautious man, but thereupon made the remark to the State's counsel, "Well, you may be right, but it will do so little harm that I believe I will admit the testimony," the same was reversible error.

### 13.—Same—Rule Stated—Statutes Construed.

It is clear that the framers of our law recognized the strategic position occupied by the trial judge and the weight which the jury attach to his words and action, and he is forbidden under article 736, C. C. P. to discuss the facts or use' any argument in his charge calculated to arouse the sympathy or excite the passion of the jury. Following Moore v. State, 33 · Texas Crim. Rep., 306, and other cases, and where it reasonably appears that injury could have resulted by such remarks of the trial court the same is reversible error.

Appeal from the County Court of Coryell. Tried below before the Hon. H. E. Bell, judge.

Appeal from a conviction of negligent homicide of the first degree; penalty, twelve months confinement in the county jail.

The opinion states the case.

*T. R. Mears*, for appellant.—On question of remarks by court: Wilson v. State, 17 Texas Crim. App., 525; McCuller v. State, 36 Texas Crim. Rep., 213; Kemper v. State, 63 Texas Crim. Rep., 1, 138 S. W. Rep., 1025; Melton v. State, 58 Texas Crim. Rep., 86, 124 S. W. Rep., 910.

On question of requested charges: Armsworthy v. State, 88 S. W. Rep., 215; Giesecke v. State, 64 Texas Crim. Rep., 531, 142 S. W. Rep., 1179; Roberts v. State, 60 Texas Crim. Rep., 20; Grant v. State, 60 id., 358.

On question on charge of principals: Sharp v. State, 17 Texas Crim. Rep., 486; Witcomb v. State, 30 id., 269; Otero v. State, 30 id., 450.

*E. B. Hendricks*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—This is a misdemeanor case, and it appears from the record that appellant's bills of exceptions were filed more than twenty days after the adjournment of court. An order was made by the court, when overruling appellant's motion for a new trial, allowing him thirty days after adjournment of court in which to file statement of facts and bills of exception. The statement of facts and bills of exceptions were filed within thirty days after such adjournment.

The Assistant Attorney General has moved to strike out the bills of exceptions on file herein on the ground that they were not filed within twenty days after the adjournment of the County Court, and consequently came too late, even though filed within thirty days after the said adjournment.

There has been much misapprehension among the courts and litigants as to the course to be pursued in regard to filing statements of facts and bills of exception in misdemeanor cases, and many cases have been dismissed in recent years when the parties at interest seemed to think themselves within what appeared to be the direction of the statute in these matters. In view of this fact, we wish to review some of the legislation and decisions bearing upon the question of the time for filing such matters in appeals from County Courts, in the hope of arriving at some harmony of understanding.

The Thirtieth Legislature, Acts 1907, p. 446, granted, to parties trying causes in both District and County Courts, the right, by having an order to that effect entered on the docket twenty days after adjournment of the court within which to file statements of facts and bills of exception. The same Legislature, later in the

term, by an Act which appears on p. 509 of the Acts of said Legislature, passed a bill which was the re-enactment of what is commonly called the "stenographer's Bill," a part of which bill provided that all statements of facts and bills of exception which were filed as provided in said Act would be in time if filed within thirty days after the adjournment of the court. This session of the Legislature adjourned April 12, 1907 and said bill took effect thirty days after adjournment. This court, in a number of cases arising during the latter part of 1907 and 1908, pointedly held that under the provisions of the Act appearing on page 509, which is chapter 24 of the laws of the said Thirtieth Legislature, statements of facts and bills of exception, in cases appealed from District Courts, were properly filed within thirty days after adjournment, but that said Act did not apply to appeals from County Courts. The Act in question did not, in express terms, repeal the Act first passed by said Legislature, allowing twenty days for filing such matters in both District and County Courts, but this court seemed to construe that said law no longer had application to appeals from District Courts, the inference being from said decisions that it appeared to the court that said Stenographer's Bill, by implication, at least, repealed said Act giving twenty days after adjournment in so far as it affected District Court cases. As stated, these decisions frequently pointed out that in appeals from County Courts no change had been made in the law on the point under consideration. See Howard v. State, 53 Texas Crim. Rep., 550, 113 S. W. Rep., 921; Nichols v State, 55 Texas Crim. Rep., 378, 111 S. W. Rep., 1038; Dobbs v. State, 54 Texas Crim. Rep., 211, 115 S. W. Rep., 1196; Webb v. State, 117 S. W. Rep., 131.

Such was the situation when the Legislature met in 1909 and passed a law on this subject. See Acts 1909, p. 374. Section 7 of This Act reads as follows:

"When an appeal is taken from the judgment rendered in any cause in any District Court or County Court, the parties to the suit shall be entitled to and they are hereby granted thirty days after the day of adjournment of court in which to prepare and file a statement of facts and bills of exception; and upon good cause shown the judge trying the cause may extend the time in which to file a statement of facts and bills of exception. Provided, that the court trying such cause shall have power in term time or in vacation, upon the application of either party, for good cause, to extend the several times as hereinbefore provided for the preparation and filing of the statement of facts and bills of exception, but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the appellate court within the time prescribed by law, and when the parties fail to agree upon a statement of facts, and that duty devolves upon the court the court shall have such time

in which to do so, after the expiration of the thirty days as hereinbefore provided, as the court may deem necessary, but the court in such case, shall not postpone the preparation and filing of such statement of facts and bills of exceptions so as to delay the filing of same, together with a transcript of the record in the appellate court within the time prescribed by law. Provided, if the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered unless the court shall by order entered of record in said cause extend the time for filing such statement and bills of exception."

The language of this quoted enactment is plain and unambiguous. It says: "When an appeal is taken from the judgment—in any—County Court the parties shall be entitled to thirty days after the day of adjournment in which to prepare and file statement of facts and bills of exception." We cannot believe the Legislature wrote County Courts and County Court procedure in this Act carelessly or without purpose. They very well knew that such courts had no official stenographers, and if it be asserted that they only intended giving the right to file such statements and bills within thirty days after adjournment, to County Courts in cases where stenographers were appointed, an adequate reply would be that such construction would be a contradiction of the plain words of the statute as written, and would be construing into the law that which the Legislature could and would have so stated in a few words had it been their intention.

As we understand it, we need only look to rules of construction when the law is ambiguous and its language not clear, which is not the case in this Act.

The first misdemeanor appeal to come before this court after the taking effect of the Act of 1909, in which this question was involved, was Sanders v. State, 60 Texas Crim. Rep., 34, 129 S. W. Rep., 605, in which Judge McCord held the Act to apply to statements of fact in an appeal from a County Court of Erath County, in which he held that the court might consider a statement of facts filed more than thirty days after the adjournment of the term where the court had made a proper order during the term extending the time for such filing. In the Sewall case, 130 S. W. Rep., 1003, an aggravated assault conviction in 1910, Judge Ramsey says the statement of facts was filed more than thirty days after adjournment and therefore was not filed in time. In Brunk v. State, 60 Texas Crim. Rep., 263, 131 S. W. Rep., 1125, appealed from the County Court of Hamilton County, Judge Davidson says: "The court adjourned October 23rd and the statement of facts was filed November 23rd. This filing was one day too late. A statement of facts must be filed within thirty days after adjournment of court."

These cases are cited as showing what seems to have been their construction of the Act of 1909 prior to the rendition of the opinion in Mueller v. State, 61 Texas Crim. Rep., 544, 135 S. W. Rep., 571, in which the court struck out a statement of facts in a County Court cause upon the ground that the statement being filed more than twenty days after adjournment came too late. The court in the Mueller case uses the following language:

"By many it seems to have been thought that chapter 39 of the Acts of the Thirty-first Legislature, p. 374, repealed chapter 7 of the Acts of the Thirtieth Legislature. By referring to that act it will be seen that it repeals only chapter 24 of the Acts of the Thirtieth Legislature (The Stenographers' Act), providing for their appointment, etc. In the Acts of the Thirty-first Legislature, in section 1, it is provided that the terms of the latter law apply only in the event of the appointment of a court stenographer. In this law there is no provision for the oppointment of a court stenographer in criminal cases tried in County Courts. By its terms it only applies to and authorizes the appointment of stenographers in criminal cases in district courts."

We think the court is wrong in saying that the Act of 1909 repealed only chapter 24, Acts of the Thirtieth Legislature. The repealing clause of Chap. 39, Acts of the Thirty-first Legislature, page 374, Acts 1909, is as follows:

"That chapter 24, p. 509, Acts of the First called Session of the Thirtieth Legislature of the State of Texas, providing for the appointment of court stenographers, prescribing their duties and regulating their charges, and all other laws or parts of laws in conflict with this Act, be and the same are hereby expressly repealed; provided, however, that nothing in this act shall be so construed as to prevent parties from preparing statements of facts on appeal independent of the transcript of the notes of the official shorthand reporter. Provided, the provisions of this act as to preparing and filing statements of facts and bills of exceptions shall apply only to cases hereafter tried; as to cases heretofore tried the law now in force shall govern."

From which it clearly appears that not only was chapter 24 repealed but also all other laws in conflict therewith. We might observe in this connection, that neither chapter 24 of the Acts of the Legislature, nor chapter 39 of the Acts of the Thirty first Legislature expressly repealed chapter 7 of the Thirtieth Legislature with reference to appeals from District Courts, but it has apparently been conceded by this court in all its opinions, that said chapter 7 has been repealed as to such District Court procedure, because it was in necessary conflict with the later enactments.

The Mueller case was followed by the Mosher case, 136 S. W. Rep., 467 and by others subsequently; the effect of which decisions was to hold that a statement of facts and bills of exceptions filed

more than twenty days after the adjournment of a County Court came too late.

The latest statute on the subject seems to be the Act of 1911, chapter 119, p. 264 of the Acts of the Regular Session, which almost in terms re-enacted section 7 of the Act of 1909, quoted above, and said section is carried into our Code Criminal Procedure as article 845. An examination of said section and of article 845 C. C. P. discloses that the plain language directs the litigant how he may appeal his case as far as the time for filing statement of facts and bills of exception is concerned.

That much confusion has resulted from the efforts of litigants to get their cases before this court under the apparent direction of this article, which, under the Mueller and Mosher cases cited, was held to have no application to appeals from County Courts in criminal matters, is very evident from the unmber of those cases appealed since the decisions in the above mentioned cases, and in which statements of facts and bills of exceptions filed well within the time fixed for such action in appeals from County Courts under the provision of article 845, have been stricken out upon motion, because not filed in time.

This, in the opinion of the writer, at least, is very unfortunate. The requisites of appeal in all matters of practice, are not easily kept in mind and most careful litigants go to the statutes to find the same, and our experience is that able lawyers representing them from time to time need to do the same, and we think it is very unfortunate both for the profession and for the appellants to find any lack of harmony between the plain language of the statute and the holdings of this court.

We are not sufficiently wedded to the doctrine of *Stare Decisis*, in matters of criminal procedure at least, to deny entrance and consideration here to one who has followed the plain road indicated by a statutory sign-board in trying to get here with what he believes to be his wrongs suffered on a trial in the court below.

We overrule the motion of the Assistant Attorney General to strike from the record these bills of exceptions and hope to bring about harmonious understanding of the rules by saying that the provisions of article 845 of our C. C. P., in the opinion of this court, govern appeals in misdemeanor cases as applied to filing of statements of facts and bills of exceptions.

Appellant was convicted in the County Court of Coryell County of negligent homicide of the first degree and his punishment fixed at one year confinement in the county jail.

It is charged against appellant that he negligently and carelessly turned over a boat in which was a small boy, whose death by drowning was caused therefrom.

Appellant's first contention was that the indictment was defective in that he claims that the charge of negligent homicide was of

the second degree and not of the first degree. To this we cannot agree. The act, if any, of appellant which caused the death of the boy was the turning over of the boat, and this act is not a misdemeanor, nor per se, would the same give just occasion for a civil action. See C. C. P., article 1124. Unless the causative act fall within one of these two classes named in the statute referred to, the negligent homicide would be of the first degree.

We think the evidence sought to be elicited from appellant's witness Harris, as set out in his second assignment of error, was clearly erroneous and that the witness should not have been permitted to state that he considered appellant a cautious man. This was merely hearsay opinion of said witness and was not admissible. The remark of the court was erroneous, but as the evidence was inadmissible in itself, such error on the part of the court was not reversible. The authorities cited by appellant correctly hold that comments of the court on matters material and admissible, where same are upon the weight of the evidence, and in the presence of the jury, are error.

The charge complained of in appellant's third assignment was substantially given by the court in his main charge, and the other special charge of appellant was on the weight of the testimony and erroneous.

We fail to see any error on the part of the trial court in telling the jury that appellant, who was indited alone but who was accompanied by another person who seemed to be acting with him, would be guilty if he, or he and his companion acting together, committed the offense. This disposes of the fifth ground of complaint made by the appellant.

The remarks of the county attorney in closing the case for the State, as explained by the court in his qualification to the sixth bill of exceptions, seem to have been in response to the argument of counsel for the appellant.

We have carefully reviewed the evidence in this case. The testimony of the six or seven boys who were in swimming when the appellant and his companion came up to where they were and stated they were going to turn over the boat in which the deceased was, seems to agree as to the main facts; that is, as to what appellant said when he came up, and further that he was told by the deceased and several of the others that the deceased could not swim; and also to the fact that he did turn over the boat and that thereby deceased was drowned. Appellant denied all these substantial facts; said he did not turn over the boat, that, in fact, it was not turned over and that he did not make the statements attributed to him by the boys. All these issues were fairly submitted to the jury and by them decided against appellant, and we see no sufficient reason to disturb their verdict.

The cause is affirmed.

*Affirmed.*

ON REHEARING.

March 12, 1919.

LATTIMORE, Judge.—In this case appellant has filed an able and well prepared motion for rehearing, each ground of whic has been carefully examined and we are unable to sustain any of appellant's contentions except that we believe we were in error in not upholding his first contention as set forth in his second bill of exceptions.

It therefore appears that when appellant was introducing his evidence he asked the witness Harris, in view of his knowledge of appellant, whether he would or would not say that appellant was a cautious, prudent man. To this the State objected for various reasons, and we think the question subject to objection. Thereupon the court made the following remark to State's counsel: "Well, you may be right, but it will do so little harm that I believe I will admit the testimony." It will be observed that this remark of the trial court was in direct violation of article 787 C. C. P., which is as follows: "In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceedings previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case."

Violations of the injunctions of this article, have been the subject of much discussion by the courts and have given rise to conflicting opinions as to whether this remark or the other, of the trial court was calculated to convey to the jury the judge's opinion of the case on trial.

It is clear that the framers of our law recognized the strategic position occupied by the judge of a trial court and the weight which the jury attach to his words and acts; and in article 736 C. C. P., the judge is forbidden to discuss the facts or use any argument in his charge calculated to arouse the sympathy or excite the passion of the jury; and we also see in article 842 C. C. P., that a judge is forbidden to sum up, discuss or comment on the evidence in granting or refusing a motion for new trial. Article 787 supra is plain, and it is to be regretted that departures from its provisions make difficult the question as to which are, and which are not, reversible errors.

In the McGee case, 37 Texas Crim. Rep., 668, this court held it was not reversible error for the trial court to say in overruling the objection of the State: "It is not very material, but it may go to the jury." The trial courts were also, in that opinion, admonished of the danger of expressing an opinion in such matters, but the court held that if the offered testimony was immaterial, or slight-

ly material and could have had no appreciable effect on the jury, that this court would not reverse for such comment.

See similar expressions in Huntley v. State, 34 S. W. Rep., 849. But in Simmons v. State, 55 Texas Crim. Rep., 441, citing the Moore case 33 Texas Crim. Rep., 306, and ruling on an objection made by defendant which was sustained, accompanied by the following comment of the trial court. "If there had been an objection made at the start, I might have sustained it on the ground that it was immaterial and irrelevant." Mr. Justice Ramsey, rendering the opinion, says: "The rule laid down in the first ca..e quoted (Moore case, supra) ought to be strictly and literally observed; that is, the court ought, without discussion or comment, to rule and either admit or reject proffered testimony. The fact that a statement of the court as to the importance or unimportance of testimony is stated from the bench would often make it no less hurtful than if contained in the written charge. The trial judge is to the jury the Lord's annointed; his language and his conduct have, to them, a special and peculiar weight. Literally, in such matters, his communication should be, yea, yea and nay, nay."

In approving substantially the opinion of Judge Ramsey we would not be understood as abrogating the well settled rule found in many cases, that remarks of trial courts, in particular comments on evidence, are not necessarily reversible error, the rule being that they should not be so considered unless it reasonably appears that injury could have resulted therefrom.

In the instant case, upon more mature reflection upon the effect of the remarks of the court, we are convinced that we were in error in the original opinion in holding that no injury could have resulted from same.

The State had rested its case, and, as disclosed by the statement of facts, the witness Harris was placed upon the stand as appellant's first witness and was asked the question, as above set forth. As stated, the court overruled the State's objection with the statement that "it will do so little harm I believe I will admit the testimony." The average juror very well knows that the court will not admit testimony unless he thinks it to be material, and we think the very admission of this evidence would carry with it to the jury the impression that the court believed it material. Now when the court says "it can do no harm" or "it can do so little harm," there seems to us serious danger that this in the minds of the jury would give rise to the belief that the court was of the opinion that the State's case was so strong or so thoroughly made out, as that the material evidence of the appellant could do little harm. This is more than the expression of the court in the McGee case or in the Huntley case—we think it is more in line with the Simmons' case supra, Chancey v. State,

58 Texas Crim. Rep., 54, the Moore case, 33 Texas Crim. Rep., 306 and the Bradshaw case, 70 S. W. Rep., 215. There can be no question but that it is a direct comment on the weight of the evidence and we cannot say it was not calculated to convey to the jury the court's opinion of the merits of the case.

The motion for rehearing is therefore granted, and the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*