J. G. Howard v. The State.

No. 5535.   Decided November 26, 1919.

**1.—Obstructing Pubic Road—Appeal Bond—Practice on Appeal.**

Under the statute as amended, article 918 C. C. P., the sheriff had authority to approve an appeal bond in a misdemeanor case, after the ex-piration of the term of the court.

**2.—Same—Statement of Facts—County Court.**

Where the County Court entered an order allowing sixty days after the adjournment of court in which to file a statement of facts, during which time the same was filed, the motion to strike out the same on appeal is overruled. Following: Gribble v. State, recently decided.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of obstructing a public road, the evidence was suffi-cient, under a proper charge of the court, to sustain the conviction, there was no reversible error.

**4.—Same—Objections to Charge—Requested Charges—Words and Phrases.**

Where the record failed to show that the trial court approved de-fendant's exception to the court's charge and refusal to requested charges, the same was insufficient; however, the main objection urged being to the definition of the word willful, which was sufficient, there was no reversible error.   Following: Cornelison v. State, 40 Texas Crim. Rep., 159.

Appeal from the County Court of Montague.   Tried below before the Hon. W. T. Russell, judge.

Appeal from a conviction of obstructing public road; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—
On question of filing statement of facts: Guill v. State, 66 Texas
Crim. Rep., 332, 146 S. W. Rep., 198; Looper v. State, 62 Texas
Crim. Rep., 98, 136 S. W. Rep., 792; Hart v. State, 72 Texas Crim.
Rep., 60, 161 S. W. Rep., 458; Butler v. State, 72 Texas Crim. Rep.,
81, 160 S. W. Rep., 1191.

On question of appeal bond; Chumley v. State, 83 Texas Crim.
Rep. 54, 201 S. W. Rep., 176.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of ob-
structing a public road.

The Assistant Attorney General moves to dismiss the appeal be-
cause the appeal bond nowhere shows that it was approved by the
court, and being thus defective did not attach the jurisdiction of
this court. On page 23 of the Acts of the Thirty-Sixth Legislature
will be found Article 918, C. C. P. as amended. Prior to its amend-
ment the convicted party in a misdemeanor was required to enter
into a recognizance during the term of court at which the conviction
was obtained. As amended it does not require the defendant to
enter into a recognizance during the term, but after giving notice
of appeal he shall be permitted to enter into bond after the ex-
piration of the term of court in an amount to be fixed by the court.
It further provides that before the defendant shall be released on
such bail bond same must be approved by the sheriff or the judge
trying the case, or his successor in office, and when such bail bond
has been accepted and approved the defendant shall be released from
custody the same as though he entered into a recognizance during
the term at which he was convicted. This appeal bond was taken
after the expiration of the term of court and approved only by the
sheriff, so far as the record shows. We are of opinion it is sufficient
where the sheriff approves the bond. We think so far as that phase
of the motion is concerned it should be overruled.

The Assistant Attorney General also moves to strike out and
not consider the statement of facts because filed more than twenty
days after the adjournment of court. The court entered an order
allowing sixty days after the adjournment of court in which to file
the statement of facts. Such statement was in fact filed within the
sixty days. Those cases cited by the Assistant Attorney General in
support of this motion would sustain his contention, but in Gribble
v. State, reported in 85 Texas Crim. Rep., 52; those cases were
overruled. The Gribble case was followed in the case of Wales
v. State, also reported in 85 Texas Crim. Rep., 391. The propo-
sition announced in the Gribble case is to the effect that under
the stenographic act of the Legislature, discussed in that case, the
rights of the accused in regard to statement of facts and bills of
exception would be the same in misdemeanors as in felonies. The
former decisions were based upon the idea that the statute only
allowing twenty days in cases appealed from the County Court

86 Tex.—19.

was not repealed by the later Act. This ruling seems to have been based upon the proposition that it was only in cases where there was a stenographer used that the statute authorizing twenty days would control. The Gribble case overrules those cases, and to the mind of the writer correctly so. The writer is of opinion, and is support- ed by the Gribble and Wales cases, supra, that the same rule would apply in regard to statement of facts and bills of exception in mis- demeanors as in felony cases. Believing this view to be correct, the motion of the Assistant Attorney General to disregard the statement of facts will also be overruled.

Upon the merits of the case the facts show that appellant ob- structed a public road by building a fence across it. This fence is described as being of a permanent nature and intended to ob- struct the road. Under the evidence this road was laid out by a jury of view appointed by the Commissioner's Court of Montague County, and Mr. Willett had been appointed road overseer. He says: ''I had the road opened and laid out according to instruc- tions that I received at the time I was appointed overseer. L had the road worked by county hands and by other hands. The road was obstructed when I was overseer.'' Then follows his denial giving appellant his consent or permission to fense the road. The road extended through the lands of appellant to Red River. Another wit- ness testified that he traveled along the road and saw the fence posts put up and wire nailed to the same and fastened up in a very substantial way, and saw appellant putting up this fence across the road. The sheriff testified he knew the road; that he tore the fence down; that appellant was present when he tore the fence down; that the fence was put up in a very substantial way; the posts were set in the ground and ''stamped with rock.'' Appellant stated he would help witness take the fence down but he did not want to tear down his own fence. Appellant also stated to the sheriff that the fence was put up good; that the posts were well in the ground and stamped with rock, and that he put them up himself. The appellant intro- duced no testimony.

We are of opinion the evidence supports the verdict of the jury. There is what purports to be exceptions to the court's charge con- tained in the record, and included in the same document are special charges requested by appellant but refused by the court. Whether the court intended to approve these exceptions or not is left in very serious doubt. The exceptions and special charges are all included in the same document, which was endorsed ''refused'' by the court. The record, it occurs to us, fails to show that the court approved the exceptions, if we take his endorsement as the criterion. The main objection urged by appellant was to the definition the court gave of the word ''wilful,'' which is in the following language: ''By the term 'wilful' is meant, that the the defendant knew at the time of the alleged obstruction that said road was a public road, and that said obstruction was placed there, if it was obstructed, with an evil

intent." We are of opinion that this is a sufficient definition of the word "wilful." See Cornelison v. State, 40 Texas Crim. Rep., 159. It seems the court here gave the identical charge that was held in the above cited case as being a sufficient definition of "wilful."

There being no error in the record authorizing a reversal, the judgment is ordered to be affirmed.

*Affirmed.*